(C.D. 3260)

GEO. S. BUSH & CO., INC. } *v.* UNITED STATES
M. MUIR ET AL.

United States Customs Court, Second Division

(Decided January 23, 1968)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Morris Braverman* and *Andrew P. Vance*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The protests enumerated in the schedule attached to and made a part of the decision herein present for the court's determination the proper classification for customs duty purposes of certain importations. At the time of entry into this country, the merchandise was classified by the customs authorities within the purview of item 656.15 of the Tariff Schedules of the United States which covers articles of silver, including rolled silver, and was assessed with duty at the rate of 21 per centum ad valorem.

The claim of plaintiffs is that said merchandise should properly have been classified in item 653.10 of the tariff schedules as lead-tin solders and subjected to duty at the rate of 1.0625 cents per pound on the lead content.

The parties hereto have stipulated and agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States that the items marked "A" and initialed GKY (Examiner's Initials) by Examiner G. K. Yamauchi (Examiner's Name) on the invoices on the above consolidated protests and described on the invoices as super-speed activated rosin core solder and assessed with duty at 21% ad val. under Item 656.15 in fact consists of lead tin solder cored with activated rosin in chief value of base metals of a type used for soldering.

It is claimed that the items marked "A" are properly dutiable at 1.0625¢ per pound on the lead content under Item 653.10, the provision for wire, rods, tubes, plates, electrodes and similar articles of base metals, of the type used for soldering: lead-tin solders.

IT IS FURTHER STIPULATED AND AGREED that on protest 65/19875 on the items marked "A" on entry 8195 of 4–26–65 the total pounds of lead content is 925.

IT IS FURTHER STIPULATED AND AGREED that on protest 65/19876 on the items marked "A" on entry 9587 of 6-22-64 the total pounds of lead content is 740.

IT IS FURTHER STIPULATED AND AGREED that the said consolidated protests be submitted on the record made heretofore and this stipulation, the protests being limited to the items marked "A" as aforesaid.

Upon the agreed facts of record, we hold that the items of merchandise marked and initialed as aforesaid should properly have been classified as lead-tin solders of the kind provided for in item 653.10 of the Tariff Schedules of the United States and subjected to duty at the rate of 1.0625 cents per pound on the lead content to the extent of 925 pounds on the importation covered by entry 8195 accompanying protest 65/19875 and to the extent of 740 pounds on the importation covered by entry 9587 accompanying protest 65/19876. To the extent indicated, said claim in the protests is sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will be entered accordingly.